MICAJAH STANSBURY *vs.* GEORGE FRINGER.—*June* 1840.

Where a contract consists of several distinct and separate stipulations on the one side, and a legal consideration is stated on the other, it must be consi-dered that the entire contract was in the contemplation of the parties in each particular stipulation, and formed one of the inducements therefor, and no one stipulation can be supposed to result from, or compensate for the consideration, or any portion of it, exclusive of other stipulations, un-less the parties have expressly so declared.

And this will be case, whether the consideration be a sum of money, to be paid in gross, or a specific act to be performed, or several payments in mo-ney, or several acts to be performed.

APPEAL from the equity side of *Frederick* County Court.

On the 22nd October 1836, *George Fringer* filed his bill, alleging, that on the 15th September 1828, he entered into an article of agreement with the appellant, for a tract of land, which said agreement was exhibited with the bill; that he entered upon, and took possession of the said tract; that he built a house thereon, as therein required; paid the taxes to the present day, and in all respects complied with his part of the contract; that being desirous to purchase said land according to the terms specified in the agreement, and receive his deed therefor from the appellant for the price of $600, he did, prior to the institution of this suit, make a tender of said $600 to said appellant by his agent, which he refused to receive, or to comply with with his said agreement. Prayer for specific performance, and for a deed in fee-simple upon payment of said sum, &c.

The contract referred to in the bill recited, that "whereas, the said *Micajah Stansbury* holds a half section of land, lying in *Richland* county in the *State of Ohio*, and adjoining the land of *John Singery*, the said M. S. agrees, that the said *George Fringer* may go and enter on said lands, and enjoy the same for the term of twelve years, for the following consideration, that is to say—he the said *George Fringer*, agrees to build a house on said land, and pay the taxes for said land, during the said term of rent, and the said M. S. agrees to and with the said G. F., should the said G. F. think proper to purchase said land, any time within the said term of rent, the said G. F. is to pay him the said M. S. the sum of $600 for said land, and in that case the said M. S. agrees to make said G. F. a good and sufficient deed for said land; for the true and faithful performance of the foregoing covenants and agreements, the said parties do hereby respectively bind themselves, &c., each to the other, &c., in the sum of $1000, current money. Witness their hands and seals, &c."

*Micajah Stansbury* demurred to this bill, and for cause of demurrer saith, that it appears by the complainant's own shewing by his said bill of complaint, that he is not entitled to the discovery or relief prayed by his said bill. Therefore, &c.

At February term 1839, the county court (JOHN BUCHANAN, C. J., SHRIVER, and T. BUCHANAN, A. J.,) overruled the demurrer with costs, and decreed that upon the payment by the complainant, or tender of payment to the defendant, or depositing in the *Frederick* County Bank in *Frederick* county, for the use of the defendant, subject to the order of this court, within ninety days from the date of this decree, the sum of six hundred dollars, current money, that then the said M. S. shall execute and acknowledge in due form of law, a deed in fee simple, conveying the said land (describing it,) mentioned in the agreement of 15th September 1828.

The said *Micajah Stansbury* appealed to this court from that decree.

The cause was argued before ARCHER, CHAMBERS, and SPENCE, J.

T. C. WORTHINGTON for the appellant, contended, that the agreement upon which the bill was founded, is not binding on both parties; and is therefore not such an agreement as a court of equity will specifically enforce. It was divisible into parts; wanted mutuality; *Fringer* was not bound. He cited in support of his views—*Canal Company vs. Rail Road Company*, 4 *Gill & John.* 129, 130. 2 *Vernon*, 415. 3 *Term. Rep.* 653. 1 *Scho. & Lef.* 13. 1 *Mad. Ch.* 424. 2 *Pow. Con.* 233. *Parkhurst vs. Van Cortlandt*, 1 *John. C. R.* 274.

The case in *Vernon* was conclusive. Moreover, this was a mere speculating contract.

BALCH for the appellee, insisted, that the contract was certain in its terms, mutual in its stipulations; reduced to writing, and relying upon it, one of the parties had gone on to make improvements of value. He cited, *Griffith vs. Frederick County Bank*, 6 *Gill & John.* 439. 9 *Peters S. C.* 204. *Carberry vs. Tannehill*, 1 *Harr. & John.* 221. *Hamilton vs. Jones*, 3 *Gill & John.* 127. *Hampson vs. Edelen*, 2 *Harr. & John.* 64. Under such circumstances, to withhold relief was to encourage a fraud.

CHAMBERS, J., delivered the opinion of the court.

The contract which is the foundation of the present suit, is said to want that mutuality in its stipulations, which a court of equity regards as an essential ingredient; and without which its specific performance will not be decreed.

If by any just interpretation of the contract, we could discover the defect alleged, we might hesitate to enforce it; but we cannot agree to the reasoning by which the appellants counsel would conduct us to such an inference.

He assumes, that when the appellee agreed to go to the State of *Ohio,* and occupy the land which is the subject of the contract, and to build a house upon it, and pay the taxes, he was induced to take upon himself these obligations, solely by those stipulations of the appellant, which are mentioned in the *first* part of the contract—that is to say, by demise of the property for twelve years; an assumption not justified by the language of the instrument; or by any fact or circumstance, which can aid in determining its purpose and meaning.

Where a contract consists of several distinct and separate stipulations on one side, and a legal consideration is stated on the other, it must be considered that the entire contract was in the contemplation of the parties in each particular stipulation; and formed one of the inducements therefor, and no one stipulation can be supposed to result from, or compensate for the consideration, or any portion of it, exclusive of other stipulations, unless the parties have expressly so declared: and this will be the case, whether the consideration be a sum of money to be paid in gross, or a specific act to be performed, or several payments in money, or several acts to be performed. It is impossible to say in this case, from the face of the contract, that the appellee would have agreed either to occupy the land, or to pay the taxes or to erect a house, except for this very privilege of purchasing the title, which he now seeks to enforce.

Nothing is urged, we think, to impeach the fairness of the contract; or to excuse its non-performance, and the case of *White & White,* 7 *Gill & John.* 208, shews that the courts of

equity in *Maryland* will enforce such contracts, although they relate to lands not within the State, by proceeding against the person of the contracting party. The decree of the court below is therefore affirmed with costs.

DECREE AFFIRMED WITH COSTS.